**Israel Trey RODRIGUEZ,
Plaintiff-Appellant**

v.

**WISE COUNTY JAIL, Sheriff Office;
Lieutenant David Armstrong; Sergeant NFN Bruener; Wise County
Jailers; Officer NFN Thomas, Sergeant; Officer NFN Shepps; Administrator Rick Denney; Officer NFN
Fabela; Officer NFN Vallez; Sergeant
NFN Taylor; Sheriff David Walker;
Captain NFN Gillan; Medical Nurse;
Medical Officer, Defendants-Appellees**

No. 16-11792
Summary Calendar

United States Court of Appeals,
Fifth Circuit.

Filed February 28, 2018

Israel Trey Rodriguez, Pro Se

Allen L. Williamson, Simpson Boyd
Powers & Williamson, Decatur, TX, James
M. Stainton, Decatur, TX, for Defendant-
Appellee

Before REAVLEY, PRADO, and
GRAVES, Circuit Judges.

PER CURIAM: *

Israel Trey Rodriguez, Texas prisoner
# 2068654, appeals the district court's dismissal pursuant to 28 U.S.C. § 1915A of
his 42 U.S.C. § 1983 action as frivolous
and for failure to state a claim. Rodriguez,
proceeding pro se, alleged in the district
court that, while he was incarcerated as a
pretrial detainee in the Wise County, Texas, jail, he was sprayed with chemicals on
multiple occasions without justification. He
alleged that the individual defendants, to
varying degrees, used excessive force and
were deliberately indifferent to his medical
needs. The district court dismissed Rodriguez's complaint on the grounds that, *inter
alia*, Rodriguez sued the individual defendants only in their official capacities and,
even if it were to give credence to Rodriguez's constitutional claims, Rodriguez
failed to state a claim against Wise County
because he failed to allege any policy or
custom of Wise County that led to constitutionally violative conduct.

Rodriguez's appellate brief does not address the district court's reasons for dismissing his claims. Although we afford pro
se briefs liberal construction, even pro se
litigants must brief arguments to preserve
them. *Yohey v. Collins*, 985 F.2d 222, 224-
25 (5th Cir. 1993). By failing to identify
any error in the district court's order regarding the dismissal of his claims, it is the
same as if Rodriguez had not appealed the
district court's judgment. *See Brinkmann
v. Dallas Cty. Deputy Sheriff Abner*, 813
F.2d 744, 748 (5th Cir. 1987).

Rodriguez's appeal is without arguable
merit and is frivolous. *See Howard v.
King*, 707 F.2d 215, 220 (5th Cir. 1983).
Because the appeal is frivolous, it is dismissed. *See* FIFTH CIR. R. 42.2. Rodriguez's
motion for leave to supplement the record
is denied. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

Our dismissal of Rodriguez's appeal and
the district court's dismissal pursuant to
§ 1915A both count as strikes under 28
U.S.C. § 1915(g). *See Adepegba v. Ham-*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*mons,* 103 F.3d 383, 387-88 (5th Cir. 1996). Rodriguez is cautioned that, if he accumulates three strikes, he will be barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

APPEAL DISMISSED; MOTION DENIED; SANCTION WARNING ISSUED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.